1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7
8

FOR THE NORTHERN DISTRICT OF CALIFORNIA

9
10

UNITED STATES OF AMERICA,

11                    Plaintiff,                          No. CR 10-00068 WHA

12        v.

13    JOHN BROSNAN,                                **ORDER DENYING
                                                   DEFENDANT'S REQUEST FOR
14                    Defendant.                   EXTENSION OF TIME TO FILE
                                                   NOTICE OF APPEAL**
15    _____/

16
17            As referenced in a prior order (Dkt. No. 254), defendant John Brosnan has requested an

18    extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(b).  In

19    short, an order dated August 15 denied defendant's motion for a new trial (Dkt. No. 249).

20    Defendant then mailed a notice of appeal postmarked September 6 in regards to the August 15

21    order (Dkt. No. 251).  Under Rule 4(b)(1)(A)(i), defendant's notice of appeal should have been

22    filed within 14 days of the August 15 order.  Nonetheless, if there is a finding of excusable

23    neglect or good cause, Rule 4(b)(4) allows a district court to "extend the time to file a notice of

24    appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by

25    this Rule 4(b)."

26            On September 25, our court of appeals remanded this matter for the limited purpose of

27    providing defendant notice and an opportunity to request that the time for filing his notice of

28    appeal be extended as described above.  Accordingly, an order dated September 26 asked

      defendant to please explain what his grounds were for excusable neglect or good cause, such that

a 30-day extension of time to file his notice of appeal could be granted under Rule 4(b)(4) (Dkt. No. 254).

Defendant has since provided two explanations as to why he did not timely file his notice of appeal. *First*, defendant asserts that his failure stemmed from "the failure of the court to properly address it's [*sic*] 'Legal Mail' to [him]" (Dkt. No. 261). He explains that under 28 C.F.R. 540.19, incoming legal mail should be labeled with "Special Mail — Open only in the presence of the inmate," and that such labeled mail "is typically delivered quickly" and "is timely delivered to inmates most of the time." Defendant then adds that "[h]ad the court properly indicated that it's [*sic*] mail to [him] was Legal Mail it would have been properly handled and delivered timely to [him]" so that he could have timely filed his notice of appeal. Defendant also noted that he requested a copy of the legal mail log to demonstrate the court's failure to label mail correctly, but that his request was denied due to lack of a court order.

As a preliminary matter, defendant's cited authority does not require courts to label their mail in a special way. Under Section 540.19(a), a correctional institution processes legal mail from courts in a certain manner *if* the sender has marked the envelope as specified under Section 540.18. This provision, in turn, discusses how mail with a "Special Mail — Open only in the presence of the inmate" designation is handled. There is no requirement, however, that courts label their mail as "Special" or "Legal" mail, nor is there any indication that the mailing of the August 15 order was designated as such. Accordingly, this order finds no excusable neglect or good cause based on defendant's first explanation.

*Second*, defendant submits that his notice of appeal was untimely because the law library at his correctional institutional fails to satisfy the requirements for adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817 (1977). Specifically, he asserts that his law library contains either outdated or incomplete legal research materials. Even if these assertions were true, defendant is silent on how the alleged inadequacy of legal research materials caused his untimely notice of appeal. It is thus unclear as to how defendant's second explanation demonstrates a sufficient justification for filing his notice of appeal late.

Accordingly, this order finds that there was no excusable neglect or good cause for defendant's untimely notice of appeal. Defendant's request to extend time is therefore **DENIED**. As requested, a copy of this order shall be provided to our court of appeals and to defendant.

**IT IS SO ORDERED.**

Dated: October 29, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE