IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

JOHN BROSNAN,

    Defendant.
                                  /

No. C 10-00068 WHA

**ORDER RE DISCOVERY REQUEST**

Petitioner moves for an order directing the government "to provide to Brosnan all computers belonging to or in the control of [non-party] Don Oberle so that they can be examined for exculpatory evidence" (Dkt. No. 268).

A habeas petitioner has no federal right, constitutional or otherwise, to discovery in habeas proceedings. *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993). However, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Criminal Procedure or Civil Procedure, or in accordance with the practice and principles of law." Rule 6 (a) of Rules Governing Section 2255 Proceedings ("2255 Rules") (emphasis added). Good cause exists when there is "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Discovery cannot to be used for "fishing expeditions to investigate mere speculation" or for a prisoner to "explore [his] case in search of its existence." *Calderon v. United States District Court for the Northern District of California*, 98 F.3d 1102, 1106 (9th Cir.1996) (citations omitted).

Here, petitioner is merely speculating, without providing any evidence or supporting documentation, that Oberle has more than one computer. More importantly, however, petitioner has not shown that the government has *current* control or custody over *any* of Oberle's computers. Moreover, petitioner's own arguments for limited discovery are contradictory. He argues that Oberle lied to Marc Songsanand, the lead FBI agent in the underlying criminal matter, about only having one computer and therefore Songsanand only examined one computer (Br. at 1–3). In the same motion, however, petitioner argues that Songsanand was aware that Oberle lied to him. He provides no supporting documentation to support any of his assertions beyond his own speculation. Rather, petitioner is merely exploring his case "in search of its existence." *Ibid.*

Good cause lacking, petitioner's request for limited discovery is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE